UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC A. WELCH,

        Petitioner,

v.         Case No. 8:06-cv-1794-T-24MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

        Respondent.

_____

O R D E R

This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 signed September 25, 2006, and filed September 29, 2006.

Petitioner claims that he is being held in the Falkenberg Road Jail, Hillsborough County, Florida, and that his speedy trial rights have been violated. The Court takes judicial notice of the fact that Petitioner's case has been set for trial on the Thirteenth Judicial Circuit trial calendar beginning October 16, 2006.

DISCUSSION

A review of the applicable law and facts demonstrates that, for the following reasons, Petition Welch's petition must be **DISMISSED.**

Petitioner apparently seeks to have this Court intercede in his state criminal case on the basis of his allegation that he has been denied a speedy trial. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also, Hicks v. Miranda, 422 U.S. 332, 349 (1975). The Younger court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin

> pending proceedings in state courts is not to issue such injunctions.
>
> . . .
>
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 45-46 (citations and quotations omitted).

In the context of a speedy trial claim asserted in a petition in federal court prior to the state criminal trial or conviction, the Supreme Court has ruled that federal habeas corpus review is unavailable to adjudicate the substance of affirmative defenses that Petitioner may raise during the state criminal trial. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973); see also Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985). Since Petitioner has not yet been brought to trial, Petitioner has not yet had the opportunity to raise his speedy trial affirmative defense.[1] Therefore, Petitioner's federal habeas claim, to the extent he intends to raise it as an affirmative defense in order to be relieved from the prosecution of his criminal charge, cannot be heard in federal court. To rule otherwise would be to violate the long-standing policy against interfering with state court proceedings.

---

[1] Petitioner states in his petition that he has filed a motion under Rule 3.191 of the Florida Rules of Criminal Procedure and a motion to dismiss. This is not the same as raising an affirmative defense during trial of his criminal charges. Further, Petitioner will also have the avenue of direct appeal as a further state court remedy should he be found guilty.

In <u>Davis v. Wainwright</u>, 547 F.2d 261 (5th Cir. 1977), the Fifth Circuit Court of Appeals affirmed the District Court's denial of a habeas corpus petition based on violation of the <u>state</u> speedy trial rule. The <u>Davis</u> Court held:

> Federal courts review by habeas corpus errors of constitutional dimension. In this case, we are asked to examine a Florida procedural rule. Nowhere in the United States Constitution is there found a right to be brought to trial within 180 days. Although there is a right to a "speedy" trial found in the Sixth Amendment, this right is "a more vague concept than other procedural rights." <u>Barker v. Wingo</u>, 407 U.S. 514, 521, 92 S. Ct. 2182, 2187, 33 L.2d. 2d 101 (1972). In <u>Barker</u>, the Supreme Court identified some of the factors to be considered in determining whether there had been a denial of a speedy trial. Length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant were the guidelines set by the court. Weighing all these factors, this Court is of the opinion that Davis has failed to establish a denial of his constitutional right to a speedy trial. While he may have shown a denial of the Florida guarantee to be tried in 180 days, if he could count on one state court of appeals rather than another, this is merely a violation of a state procedural rules which does not in any way go to the fundamental fairness of the trial. As such it is not reviewable by the Federal Courts on a petition for habeas.

<u>Davis</u>, 547 F.2d at 264 (Footnote omitted).

Likewise, in the present case, Petitioner Welch has not shown that his federal constitutional rights were violated pursuant to Rule 3.191, Florida Rules of Criminal Procedure. In addition, Petitioner has not shown that he meets the elements of <u>Barker</u> to establish a constitutional speedy trial violation.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner Welch and to close this case.

ORDERED at Tampa, Florida, on October 5, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Eric A. Welch